Argued and submitted March 5, 1991, petition for review dismissed January 16, 1992

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## JARRETT CLAY SMITH,
*Petitioner on Review.*

## (CC 10-88-09270; CA A51175; SC S37635)

822 P2d 1193

Diane L. Alessi, Deputy Public Defender, Salem, argued the cause for petitioner on review. With her on the brief was Sally L. Avera, Public Defender, Salem.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent on review.

PER CURIAM

## PER CURIAM

This case is before this court on review from the Court of Appeals, which affirmed defendant's conviction for unlawful possession of a controlled substance, a Class B felony. ORS 475.992(4). *State v. Smith*, 103 Or App 113, 796 P2d 665 (1990).

Following his conviction, defendant was placed on probation. We have been informed by the lawyer for the state that a circuit court judge has issued an order to show cause why defendant's probation should not be revoked for "fail[ure] to remain under the supervision and control of the Probation Department" and for "fail[ure] to truthfully report monthly at times and in a manner specified by the Probation Department." A bench warrant has been issued for defendant's arrest, and the state considers him a fugitive from justice. Defendant's lawyer does not disagree with these facts. Under these circumstances, we decline to review defendant's case.

This court previously has examined similar situations in *State v. Broom*, 121 Or 202, 253 P 1044 (1927), and *City of Portland v. Parchen*, 113 Or 209, 231 P 980 (1925). In *State v. Broom, supra*, the defendant was convicted of certain crimes, sentenced to jail, and fined. While his appeal was pending, the "defendant broke jail and fled from the state," 121 Or at 205, and was a fugitive from justice. This court said that it has "the power, in [its] discretion, to dismiss the appeal where the appellant is a fugitive from justice." 121 Or at 210.

In *City of Portland v. Parchen, supra*, the defendant had been convicted in Portland Municipal Court for violating a certain city ordinance, sentenced to jail, and fined. He appealed to the circuit court. On trial *de novo*, the defendant again was convicted, sentenced to jail, and fined. He appealed to this court. The circuit court required him to appear in person or to post an appeal bond. The defendant's failure either to appear personally or to post a bond rendered him a "fugitive from justice." This court said:

> "It is a substantial and just rule that courts will not hear an appeal while the appellant is fleeing from justice, and this,

of itself, would be sufficient reason for dismissing [the defendant's] appeal."

*City of Portland v. Parchen, supra*, 113 Or at 210.

No persuasive reason has been given why this court should proceed to decide the merits of this criminal case after defendant has failed to make himself available for probation supervision as required by the trial court on his conviction. Although defendant's absconding from probation does not deny this court the power to review his case, we, in our discretion, decline to call upon the resources of this court for a review of his case.

The petition for review is dismissed.