On appellant's petition for reconsideration filed July 6, of an order of dismissal entered June 8, reconsideration allowed; order of dismissal adhered to November 10, 1993, reconsideration denied March 16, petition for review denied April 5, 1994
(318 Or 583)

STATE OF OREGON,
*Respondent,*

*v.*

ROLAND PERCIVAL STERNER,
*Appellant.*

(91CR-2239; CA A73488)

862 P2d 1321

Sally L. Avera, Public Defender, and Alan H. Biedermann, Deputy Public Defender, for petition.

Before Riggs, Presiding Judge, and De Muniz and Durham, Judges.

De MUNIZ, J.

Durham, J., concurring.

## De MUNIZ, J.

We dismissed defendant's appeal in an order of dismissal. Defendant filed a petition for review, which we treat as one for reconsideration. ORAP 9.15(1). We allow reconsideration and adhere to our order.

Defendant was convicted of theft in the second degree. ORS 164.045. The trial court suspended execution of sentence and placed defendant on probation. Defendant filed a timely notice of appeal and duly filed his appellant's brief in this court. Thereafter, the state moved to dismiss defendant's appeal "for the reason that defendant has absconded from probation during the pendency of this appeal and a warrant has been issued for his arrest." The motion was supported by an affidavit of counsel for the state. We allowed the state's motion, citing *State v. Smith*, 312 Or 561, 822 P2d 1193 (1992).

Defendant contends that *Smith* does not support our order of dismissal, because review in the Supreme Court is discretionary, whereas in this court "defendant has a statutory right to a direct appeal[.]"[1]

Defendant is correct that the Supreme Court's dismissal of Smith's petition for review was based on the exercise of discretion in the sense that it is wholly within its discretion whether to grant review and/or decide the merits of a criminal case. However, in its opinion in *Smith*, the Supreme Court relied on two prior cases, *State v. Broom*, 121 Or 202, 253 P 1042, 253 P 1044 (1927), and *City of Portland v. Parchen*, 113 Or 209, 231 P 980 (1925). In *Parchen*, the court dismissed the appeal because it did not have jurisdiction to hear an appeal from a conviction for violation of a city ordinance. 113 Or at 210. Nevertheless, the court commented that "[i]t is a substantial and just rule that courts will not

---

[1] ORS 138.020 provides:

"Either the state or the defendant may as a matter of right appeal from a judgment in a criminal action in the cases prescribed in ORS 138.010 to 138.310, and not otherwise."

ORS 138.040 provides, in part:

"Except as provided under ORS 138.050, the defendant may appeal to the Court of Appeals from a judgment or order described under ORS 138.053 in a district or circuit court, and may cross-appeal when the state appeals pursuant to ORS 138.060(3)."

hear an appeal while the appellant is fleeing from justice." 113 Or at 210.

In *Broom*, the state did not file its motion to dismiss the defendant's appeal until after the case had been heard and decided on the merits. Although the court declined to dismiss the appeal, it said that it had "the power, in [its] discretion, to dismiss the appeal where the appellant is a fugitive from justice[.]" 121 Or at 210. In support of that conclusion, the court stated:

> "It is not necessary for an appealing defendant, whether convicted of a misdemeanor or a felony, to appear in person in the appellate court. In either case he may appear by attorney. However, to set a precedent which enables a felon who has means or friends who will become his bail to take himself without the jurisdiction of the court by flight or concealment and await the determination of his case on appeal would, in the opinion of the writer, be poor law enforcement. If such policy is adopted by this court, it points the way to this class of criminals to go unwhipped of justice, because, to announce a doctrine that the criminal may flee to parts unknown after giving a bail bond, and there await the action of the appellate court on his appeal, would be virtually to put it within the power of the man of means to avoid the penalties fixed by law." 121 Or at 208-09.

■ Although the statements we have quoted from *Parchen* and *Brown* are *dicta*, they reveal that, even when a criminal appeal may be taken as matter of statutory right,[2] the appellate court retains the discretion to dismiss an appeal when the appellant is a "fugitive from justice."[3]

---

[2] At the time, 1 Oregon Laws, Section 1606 (Olson 1920), provided:

"An appeal to the supreme court may be taken by the defendant from a judgment on a conviction in a circuit court * * *."

Section 1608 provided:

"An appeal may be taken as provided in [section 1606] as a matter of right."

[3] We note that in *Ortega-Rodriguez v. United States*, 507 US ___, 113 S Ct 1199, 1203, 122 L Ed 2d 581 (1993), the United States Supreme Court stated:

"It has been settled for well over a century that an appellate court may dismiss the appeal of a defendant who is a fugitive from justice during the pendency of his appeal."

In *Ortega-Rodriguez*, the court identified enforceability, disentitlement to court resources, deterrence and the advancement of the efficient, dignified operation of an appellate court as theories underlying the dismissal of appeals filed by fugitives from justice.

■ Here, it is unrefuted that defendant has absconded from probation and is a "fugitive from justice." A criminal defendant should not be able to enjoy the benefits of the law while unlawfully avoiding its rigor. Accordingly, we adhere to our exercise of our discretion dismissing his appeal.

Reconsideration allowed; order of dismissal adhered to.

**DURHAM, J.,** concurring.

I concur with the reasoning and result reached by the majority. I write separately to comment on the case law that supports that result.

As the majority correctly observes, *State v. Smith,* 312 Or 561, 822 P2d 1193 (1992), cited two cases, *State v. Broom,* 121 Or 202, 253 P 1042, 253 P 1044 (1927), and *City of Portland v. Parchen,* 113 Or 209, 231 P 980 (1925), in support of its holding that

> "[a]lthough defendant's absconding from probation does not deny this court the power to review his case, we, in our discretion, decline to call upon the resources of this court for a review of his case." 312 Or at 564.

*State v. Smith, supra,* does not decide the question presented here, *i.e.*, whether this court has discretion to dismiss an appeal, notwithstanding the defendant's statutory right to appeal to this court under ORS 138.010, where the state asserts that the defendant has absconded from probation, and the defendant does not oppose that assertion. *Broom* and *Parchen* are relevant because they were decided when criminal defendants had a right to appeal to the Oregon Supreme Court in certain cases.

In *State v. Broom,* citing cases from other jurisdictions, the court said:

> "The authorities abundantly sustain the proposition that, in the absence of a statute regulating the procedure, it is within the discretion of the court to hear or not hear the appeal of a prisoner who escapes pending his appeal." 121 Or at 206.

The court did not state what would constitute a "statute regulating the procedure." The court did not identify the source of its discretionary authority to dismiss criminal

appeals, or attempt to analyze the relationship between that authority and the defendant's statutory right to appeal. However, the court chose not to exercise the discretionary authority that it described and overruled the motion to dismiss the appeal. The ultimate ruling suggests that much of the court's discussion of a discretionary authority to dismiss criminal appeals was unnecessary to the decision.

*City of Portland v. Parchen, supra,* involved an appeal of a conviction in circuit court for violation of a city ordinance. The city moved to dismiss the appeal on jurisdictional grounds and because the defendant was a fugitive from justice who had filed no bond on appeal. The court allowed the motion on this rationale:

> "It is a substantial and just rule that courts will not hear an appeal while the appellant is fleeing from justice, and this, of itself, would be sufficient reason for dismissing this appeal. But, aside from this, we have held, in the case of *Portland v. White*, 106 Or 169 (211 Pac. 798), that no appeal lies from the Circuit Court to this court upon a judgment of conviction in the Circuit Court for a violation of a city ordinance of the City of Portland.
>
> "The appeal will therefore be dismissed." 113 Or at 210.

I assume from that statement that the basis for the court's holding was lack of jurisdiction because, given that fact, the court had no reason to decide whether to dismiss the appeal because of the defendant's status as a fugitive. The court did not discuss the source of what it called a "substantial and just rule" authorizing it to dismiss a fugitive's criminal appeal, or the relationship between that authority and the defendant's statutory right to appeal.

*Broom* and *Parchen* provide thin support for the majority's result. Those decisions suggest that an appellate court has discretion to dismiss a fugitive's appeal, but the court's statements appear to be *dicta*, and give no insight into the possible countervailing effect of the defendant's unconditional statutory right to appeal.

However, this court is reluctant to disregard what appear to be statements of law by the Oregon Supreme Court, even if they are unnecessary to a particular decision and are not based on statutory authority. I am not willing to disregard

what the court in *Broom* called its "intensive study of this subject," which led it to conclude that the court is empowered to dismiss the appeal of a convicted criminal who has fled from the court's jurisdiction. 121 Or at 210. Because the undisputed record establishes that defendant is in an analogous position, I concur with the majority's disposition of the state's motion.