On respondent's motion to dismiss filed June 9, 1993, appeal dismissed
March 9, 1994

# In the Matter of
## Justin Lee Merrell, a Child.

### STATE ex rel JUVENILE DEPARTMENT
### OF GRANT COUNTY,
*Respondent,*

*v.*

### Justin Lee MERRELL,
*Appellant.*

## (89-1652; CA A77211)

870 P2d 250

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Youlee Yim You, Assistant Attorney General, for motion.

W. D. Cramer, *contra.*

Before Riggs, Presiding Judge, and Richardson, Chief Judge, and De Muniz, Judge.

De MUNIZ, J.

## De MUNIZ, J.

The state moves to dismiss this appeal because child absconded from juvenile parole and a warrant for his arrest had been issued. We grant the state's motion and dismiss this appeal.

After a September, 1989 hearing, the court found that it had jurisdiction over child, because he had committed acts that would have constituted sexual abuse in the first degree, *former* ORS 163.425,[1] if he had been an adult. The court ordered that the Children's Services Division take custody of child for commitment to the MacLaren School for Boys (MacLaren) for a period not to exceed five years. It then suspended that commitment and placed child on five years formal probation so that he could be placed in a private residential treatment program.

On September 30, 1992, the court granted the Grant County Juvenile Department's motion to modify child's probation and committed him to MacLaren for a period of five years or until he was 21 years old. According to the judgment, the five-year term began June 2, 1991. Child appealed that judgment, asserting that the court erred when it determined that his commitment began on June 2, 1991, rather than September 11, 1989.

After the appeal had been filed, child was paroled from MacLaren and placed in foster care. On June 9, 1993, the state moved to dismiss the appeal, because child had absconded from parole on May 19, 1993, and a warrant for his arrest had been issued. In November, 1993, child turned himself in and placed himself under the supervision of the juvenile system.

■ ■ We have discretion to dismiss an appeal when an appellant has absconded from probation and is a "fugitive from justice." *State v. Sterner*, 124 Or App 439, 442, 862 P2d 1321 (1993). In *Sterner*, the defendant absconded from probation and a warrant for his arrest was issued during the pendency of his appeal. We granted the state's motion to dismiss the appeal, because a criminal defendant may not

---

[1] *Former* ORS 163.425 was renumbered ORS 163.427 and amended by Oregon Laws 1991, chapter 830, section 2.

enjoy the benefits of the law while unlawfully avoiding its rigor. 124 Or App at 443.

Child argues that he "is emotionally immature" and "should not be held to the same standard as an adult criminal defendant." He further asserts that the state's motion should be denied, because he is no longer a fugitive. We disagree. Child is 17 years old. He is of sufficient age to understand that absconding from parole is an unlawful act of serious magnitude. In addition, child was not simply a "runaway" for a few days or few weeks, he was "missing" and a fugitive in every sense of the word for six months. The fact that he returned to custody before we acted on the state's motion is of no significance. In the light of these circumstances, child "should not be able to enjoy the benefits of the law while unlawfully avoiding its rigor." *State v. Sterner, supra*, 124 Or App at 443. We exercise our discretion to dismiss child's appeal.

Appeal dismissed.