Argued and submitted August 6, reversed and remanded September 11, 1996

PHAN LE DINH,
aka Le Dinh Phan,
*Appellant,*

*v.*

Carl ZENON,
Superintendent,
Oregon State Correctional Institution,
*Respondent.*

(93C-13125; CA A87591)

923 P2d 1287

D. Olcott Thompson argued the cause for appellant. With him on the brief was D. Olcott Thompson, P.C.

Janet A. Metcalf, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

HASELTON, J.

**HASELTON, J.**

Petitioner appeals from the trial court's dismissal without prejudice of his action for post-conviction relief. The trial court dismissed the action on the ground that petitioner, who was in federal custody, was not present for trial. We reverse.

The facts are uncontroverted: In October 1993, petitioner filed a petition for post-conviction relief while he was in the custody of the Oregon Department of Corrections. The matter was originally set for trial in November 1994, but, by that time, the Department of Corrections had released petitioner to the custody of the United States Immigration and Naturalization Service (INS). Accordingly, the trial court postponed the trial until January 27, 1995, and stated that, if petitioner did not appear on that date, the action would be dismissed. In December 1994, petitioner's counsel obtained an order from the Marion County Circuit Court directing the Marion County Sheriff to transport petitioner from the custody of the INS in Seattle to Salem on January 26, 1995, and to return him to the custody of the INS at the conclusion of the January 27, 1995, trial. However, the INS refused to release petitioner pursuant to the transportation order and, thus, petitioner was unable to appear for trial on January 27, 1995.[1]

On the day of trial, petitioner's counsel tendered to the court a waiver of appearance that petitioner had executed in November 1994, which authorized his counsel and the court to proceed in his absence.[2] The following then transpired between the court and petitioner's counsel:

---

[1] During the colloquy that preceded the trial court's dismissal of this action, petitioner's counsel told the court that he had spoken with a representative of the Marion County Sheriff's Office and that "she had a conversation with the INS in Portland who essentially told her they don't care what the order says; he's in custody of the Feds and they're keeping him." The court replied, "I knew that."

[2] *But see* ORS 138.620(1):

"After the response of the defendant to the petition, the court shall proceed to a hearing on the issues raised. If the defendant's response is by demurrer or motion raising solely issues of law, the circuit court need not order that petitioner be present at such hearing, so long as petitioner is represented at the hearing by counsel. *At the hearing upon issues raised by any other response, the circuit court shall order that petitioner be present.*" (Emphasis supplied.)

"THE COURT: Okay. And as I've said to you, I would like him here.

"COUNSEL: I understand that.

"THE COURT: The Court has the right to listen to him and so does the prosecution. If he's not here, I'll dismiss it. Unless you can get us all a free trip up to Seattle.

"COUNSEL: I'd like to, but I think your first alternative is probably more realistic.

"THE COURT: Too bad."

The court then dismissed the action without prejudice. Unfortunately for petitioner, "without prejudice" had the effect of being "with prejudice" because the applicable 120-day statute of limitations for post-conviction actions, *former* ORS 138.510(2),[3] had already run. Consequently, despite the designation of the dismissal as being "without prejudice," petitioner could not refile.

On appeal, petitioner argues that the dismissal of his action, based on his nonappearance, is analogous to a dismissal based on nonproduction of discovery, as provided in ORCP 46 B(2)(c).[4] Petitioner further contends that we must

_____

[3] Petitioner's conviction became final on October 12, 1993. At that time, ORS 138.510(2) provided:

"A petition pursuant to ORS 138.510 to 138.680 must be filed within 120 days of the following * * *:

"(a) If no appeal is taken, the date the judgment or order on the conviction was entered in the register.

"(b) If an appeal is taken, the date the appeal is final in the Oregon appellate courts."

Effective November 4, 1993, ORS 138.510(2) was amended to enlarge the period for filing post-conviction relief petitions from 120 days to two years. *See Owens v. Maass*, 323 Or 430, 918 P2d 808 (1996) (addressing effect of 1993 amendments to ORS 138.510(2)).

[4] ORCP 46 B(2) provides, in part:

"If a party or an officer, director, or managing agent or a person designated under Rule 39 (C)(6) or 40 A to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under section A of this rule or Rule 44, the court in which the action is pending may make such orders in regard to the failure as are just, including among others, the following:

"* * * * *

"(c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or any part thereof, or rendering a judgment by default against the disobedient party[.]"

review such a dismissal under an "abuse of discretion" standard[5] and that dismissal in these circumstances constituted an abuse of discretion. Respondent does not dispute the merits of petitioner's challenge but vigorously argues that we should not consider that challenge because it was not preserved below. Respondent also urges us to decline to consider any error as "apparent on the face of the record." ORAP 5.45(2). *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991).

■ Although the question is somewhat close, we conclude that the propriety of the trial court's dismissal was sufficiently raised and framed below to have been preserved for our review. Principles of preservation are ultimately grounded in such considerations as "ensuring that the positions of the parties are presented clearly to the initial tribunal and that parties are not taken by surprise, misled, or denied opportunities to meet an argument." *Davis v. O'Brien*, 320 Or 729, 737, 891 P2d 1307 (1995). *Accord Lutz v. State of Oregon*, 130 Or App 278, 287, 881 P2d 171 (1994) (Haselton, J., concurring) (policies of preservation are satisfied where "[t]he issue has been fully litigated before the trial court, which has had a full and fair opportunity to rule in the first instance"). Here, the question of whether the action should be dismissed was clearly before the trial court; indeed, it was the *only* issue before the court. Although respondent contends that counsel's statement that "I think your first alternative is more realistic[,]" amounts to acquiescence in the trial court's ruling, we do not so construe that statement. Rather, in the context of the entire colloquy, it was apparent that the court had decided to dismiss, and there was nothing more that petitioner's counsel could say. Thus, considerations of judicial comity, economy and efficiency, impact on record development, and adversarial fairness are not compromised by our review: "No one was 'sandbagged.' " *Lutz*, 130 Or App at 287.

■ Proceeding to the merits, we conclude that the trial court erred in dismissing petitioner's action. The parties cite

---

[5] *See Boline v. Whitehead*, 119 Or App 230, 234, 850 P2d 1128, *rev den* 317 Or 271 (1993) (trial court's dismissal of civil action because of plaintiff's failure to attend court-ordered independent medical examination was not an abuse of discretion).

no Oregon cases involving the dismissal of post-conviction actions because of a petitioner's absence, and we are not aware of any. Nevertheless, and without necessarily endorsing all the particulars of petitioner's analogy to dismissal under ORCP 46 B(2)(c) for failure to produce discovery,[6] we agree that the propriety of the court's dismissal should be tested against an abuse of discretion standard.

Dismissal here constituted an abuse of discretion. It is undisputed that petitioner, by obtaining the transportation order, took reasonable steps to insure his presence for trial. It is also undisputed, as the trial court acknowledged, that petitioner was unable to appear because federal immigration authorities refused to honor the transportation order. Thus, petitioner did what he could to appear but, through no fault of his own, was precluded from appearing. Given those circumstances, the court erred in dismissing petitioner's action.

We note, finally, that although the dismissal was "without prejudice," the error here was not harmless. Because the applicable statute of limitations had run during the pendency of petitioner's action, he was unable to refile his complaint.

Reversed and remanded.

---

[6] Petitioner's reference to the Oregon Rules of Civil Procedure is, at least, apt in its recognition that post-conviction is, for certain purposes, a civil proceeding and "[u]nless otherwise provided for in the Post-Conviction Hearing Act, the Oregon Rules of Civil Procedure apply in post-conviction proceedings." *Hoffer v. State of Oregon*, 136 Or App 375, 377, 902 P2d 127, *rev den* 322 Or 489 (1995); *see Mueller v. Benning*, 314 Or 615, 621 n 6, 841 P2d 640 (1992).