## 669

On respondent's motion to dismiss appeal because appellant has absconded filed June 4, and appellant's response to dismiss appeal because appellant has absconded filed June 18, 2002, appeal dismissed January 8, 2003

## In the Matter of the Marriage of

Jamie I. PRUETT,
nka Jamie I. Hill,
*Petitioner,*

*and*

Steve A. PRUETT,
*Respondent.*

STATE OF OREGON,
*Respondent,*

*v.*

STEVE A. PRUETT,
*Appellant.*

93C33000; A111323

60 P3d 1094

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, for motion.

Steven H. Gorham *contra*.

Before Brewer, Presiding Judge, and Wollheim and Kistler, Judges.

BREWER, P. J.

### BREWER, P. J.

This remedial contempt proceeding arises out of a judgment dissolving the marriage between defendant and his former wife, which requires him to pay child support. Defendant has been the subject of four previous contempt proceedings for nonpayment of his support obligation. On at least one occasion, while serving a jail sentence for contempt, defendant went on an extended hunger strike. The most recent contempt proceeding resulted in a judgment—from which defendant now appeals—that imposed a remedial sanction of 180 days' confinement. To avoid the consequences of a future extended hunger strike, the trial court later modified the judgment to provide that the sentence be served in short blocks of time. That arrangement required defendant to voluntarily surrender to authorities at the beginning of each sentencing block. However, defendant has failed to report to the jail at any time during the pendency of his appeal; instead, he has waited for the court to issue a bench warrant for his arrest and for the authorities to take him into custody. The state has moved to dismiss defendant's appeal on the ground that his failure voluntarily to surrender to the authorities disentitles him from pursuing his right of appeal. We grant the motion.

The trial court initially suspended execution of defendant's 180-day sentence pending efforts by the parties to find another resolution to their dispute. When those efforts failed, the court ordered execution of 45 days of the sentence. Because defendant previously had engaged in an extended hunger strike while in custody, the court ordered that the sentence be served in three blocks of 12 days each and one block of nine days. After defendant had served the first 45 days of the sentence, the court ordered him to serve the remaining 135 days in nine blocks of 15 days each. Defendant appeals from the contempt judgment and modification order, arguing that he was entitled to a jury trial on the contempt charge and that the trial court lacked authority to modify the previously imposed sentence by requiring that it be served in shorter blocks of time.

Defendant is a bookkeeper who works out of his home and, as such, is readily accessible to law enforcement

officers who might wish to contact him at his home and place of business. There is no evidence in the record that defendant has left the state or secreted himself within the state in order to avoid the trial court's jurisdiction. However, the state has moved to dismiss defendant's appeal on the ground that he "has absconded from the jurisdiction of the court" and because "[h]e remains in contempt, he is not presently serving his sanction, and there is a warrant outstanding for his arrest."

The state relies by analogy on ORAP 8.05(3) and, more directly, on three decisions of the Oregon Supreme Court. We will discuss each of those authorities in turn.

ORAP 8.05(3) provides:

"If a defendant in a criminal case, a petitioner in a post-conviction relief proceeding, a plaintiff in a habeas corpus proceeding, a petitioner in a parole review proceeding, or a petitioner in a prison disciplinary case, on appeal of an adverse decision, escapes or absconds from custody or supervision, the respondent on appeal may move for dismissal of the appeal. If the appellant has not surrendered at the time the motion is decided by the court, the court shall allow the motion and dismiss the appeal or judicial review."

That rule requires this court to dismiss an appeal in any of the enumerated types of cases if the defendant "escapes or absconds from custody or supervision." The state concedes that it is not directly applicable to this case because a remedial contempt proceeding is not among those described in the rule. However, the state argues that, because defendant is "wanted" by law enforcement authorities, his appeal falls within the apparent rationale of the rule. An analysis of the state's argument requires consideration of several appellate decisions decided both before and after the adoption of ORAP 8.05(3) in January 1994.

In *City of Portland v. Parchen*, 113 Or 209, 231 P 980 (1925), the defendant was convicted of violating a municipal ordinance and appealed to the circuit court, where he again was convicted and given a jail sentence. The defendant appealed the circuit court judgment to the Supreme Court and thereafter failed to appear at the time set by the circuit

court for commencement of his jail sentence or to post an appeal bond. The court said:

> "It appears from the affidavit that the defendant was by order of the Circuit Court * * * required to appear in person or perfect his appeal to the Supreme Court at that time by securing a bond; that he has not secured any bond, nor perfected his appeal, nor rendered his person in execution of the judgment, but is a fugitive from justice.
>
> "It is a substantial and just rule that courts will not hear an appeal while the appellant is fleeing from justice, and this, of itself, would be sufficient reason for dismissing this appeal."

*Id.* at 210. However, the court also noted that no appeal could be taken from a circuit court judgment on appeal from a municipal court conviction for violation of a municipal ordinance, and the court dismissed the appeal on that ground.

In *State v. Broom*, 121 Or 202, 253 P 1044 (1927), the defendant was convicted in two separate cases and sentenced to jail, but execution of the sentences was stayed pending his appeal from those convictions. When his first conviction was affirmed on appeal, the defendant failed to surrender to authorities to begin serving his sentence because, as it happened, he was serving yet another jail sentence in a different county. While serving that sentence, the defendant escaped from custody and fled from the state. With respect to the defendant's then-pending appeal from his second conviction, the court framed the issue and asked, "Can this fugitive from justice, from his concealed lair beyond the confines of this jurisdiction, invoke the power of this court to hear his cause upon appeal in the matter of his second conviction?" *Id.* at 206. The court concluded that he should not and reasoned:

> "[W]e are unqualifiedly committed to the doctrine announced by the highest authorities and the most eminent criminal law-writers of America, that, when it satisfactorily appears to the appellate court that a convicted criminal has fled from the jurisdiction of the court, it is within the power of that court to refuse to hear his appeal."

*Id.* at 210. However, after emphasizing that the decision whether to dismiss the appeal was discretionary, the court denied the motion to dismiss, stating:

"But, while we have the power, in our discretion, to dismiss the appeal where the appellant is a fugitive from justice, this case having also been heard on the merits and therein affirmed, it is unnecessary to exercise our discretion by dismissing the appeal, and the motion is therefore overruled."

*Id.*

In *State v. Smith*, 312 Or 561, 822 P2d 1193 (1992), the trial court had placed the defendant on probation, the terms of which required him to report monthly to his probation officer. When he failed to do so, the trial court issued a bench warrant for his arrest. In dismissing review from this court's decision affirming the defendant's underlying conviction, the court held:

"No persuasive reason has been given why this court should proceed to decide the merits of this criminal case after defendant failed to make himself available for probation supervision as required by the trial court on his conviction. Although defendant's absconding from probation does not deny this court the power to review his case, we, in our discretion, decline to call upon the resources of this court for a review of this case."

*Id.* at 564.

The Supreme Court has not addressed the subject since it decided *Smith*. However, this court has had several occasions to do so. In *State v. Sterner*, 124 Or App 439, 862 P2d 1321 (1993), *rev den*, 318 Or 583 (1994), we dismissed the defendant's appeal from his criminal conviction because he had absconded from probation during the pendency of his appeal and a warrant had been issued for his arrest. We held that the reasoning of *Smith* was applicable to the dismissal of a direct appeal from the defendant's conviction, despite the statutory source of his right to appeal.

In *State ex rel Juv. Dept. v. Merrell*, 126 Or App 708, 870 P2d 250 (1994), we applied the same principle to an appeal from an order modifying the probation of a juvenile offender. Although the absconding youth had returned to custody before we decided the state's motion to dismiss, we nonetheless exercised our discretion to dismiss the appeal because the youth " 'should not be able to enjoy the benefits of

the law while unlawfully avoiding its rigor.'" *Id.* at 711 (quoting *Sterner*, 124 Or App at 443).

In *State v. Lundahl*, 130 Or App 385, 882 P2d 644 (1994), the defendant failed to surrender to begin serving his sentence on several criminal convictions and, instead, fled the country. Seven years later, he returned to the United States and was arrested on a fugitive warrant. Even though the defendant was then a "former fugitive," we exercised our discretion to dismiss his appeal from his convictions. We held that dismissal was appropriate because of the prejudice to the victim, witnesses, and the state that would result from a reversal and new trial after the defendant's extended absence. We concluded that the defendant's "lengthy escape from justice, though it occurred while his case was pending before the trial court, significantly interfered with the appellate process and warrants an appellate sanction." *Id.* at 390.[1]

Finally, in *State ex rel Juv. Dept. v. Linder*, 142 Or App 527, 922 P2d 691 (1996), we dismissed the appeal of a youth who had absconded from a juvenile facility and left the state. The state argued that the youth's flight during the pendency of her appeal compelled dismissal and that her voluntary return to custody before disposition of its motion was immaterial. We disagreed with that proposition. We noted that ORAP 8.05(3) did not govern the state's motion "because the absconding person here—a child in a juvenile proceeding—does not fall within the five classes of persons the rule expressly encompasses." *Id.* at 530. Instead, we held that the decision whether to dismiss the youth's appeal was discretionary, stating, "For more than 70 years, Oregon's appellate courts have asserted an inherent discretionary authority to dismiss cases in which appellants have absconded." *Id.* We reaffirmed our discretion to dismiss an appeal in cases to which ORAP 8.05(3) does not apply, based on the principle announced in *Sterner*, that one should not be able to enjoy the benefits of the law while unlawfully avoiding its rigor. *Linder*, 142 Or App at 533. Because the youth in *Linder* had

---

[1] We noted the existence of ORAP 8.05(3), but we did not purport to apply it. *Id.* at 388 n 3.

failed to demonstrate that she lacked the capacity to understand that absconding is an unlawful act of serious magnitude, we exercised our discretion to dismiss her appeal. *Id.*

One conclusion readily may be drawn from the foregoing decisions, and that is because ORAP 8.05(3) does not directly apply in this case, this court is not *required* to grant the state's motion merely because defendant has repeatedly failed to surrender to authorities in the manner required by the judgments from which he appeals. Defendant goes further than that, however, arguing that we lack *discretion* to dismiss his appeal because, unlike the circumstances here, in each of the cases recognizing the existence of such discretion, the defendant actively had avoided apprehension and was, or had been, a fugitive from justice. Defendant reminds us that he is openly living and going about his business at his residence. In short, he has not fled the state or attempted to hide himself.

We disagree that defendant's open flouting of his obligations under the trial court's judgments is beyond the reach of our discretion. It is true that, in most of the cases we have considered, the courts have used the word "abscond" or a variation of it in describing the defendant's conduct. "Abscond" generally means "1: WITHDRAW, FLEE * * * 2: to depart secretly : withdraw and hide oneself * * * *specif* : to evade the legal process of a court by hiding within or secretly leaving its jurisdiction * * *." **Webster's Third New Int'l Dictionary** 6 (unabridged ed 1993). However, it is not apparent from the discussion of facts in several of those cases, especially *Parchen*, *Smith*, and *Sterner*, whether or not the appellant had departed anywhere or had hidden from the authorities. The significant facts recited in each of those cases were that the appellants had failed voluntarily to make themselves available to the authorities and that arrest warrants were issued as a consequence. In *Smith*, for example, the court merely noted that an order had been issued by the trial court requiring the defendant to show cause why his probation should not be revoked for failure to "remain under the supervision and control of the Probation Department," 312 Or at 563, and for "fail[ure] to truthfully report monthly at times and in a manner specified by the Probation Department." *Id.* If, in addition, the defendant actually had fled or

hidden himself from the processes of the trial court, the Supreme Court did not see fit to mention that conduct in dismissing its review of the defendant's appeal.

Likewise, in *Parchen*, although the court described the defendant as a "fugitive from justice," it did not state that he had left the jurisdiction or otherwise had secreted himself. *Parchen*, 113 Or at 210. Moreover, in *Sterner*, where we stated that the defendant had "absconded from probation," 124 Or App at 441, it is not clear whether the defendant had fled anywhere, was hiding from authorities, or merely had failed to report to his supervising officer.

Moreover, in *Broom*, the court said:

> "Cases are heard on appeal on the theory that, in the event of the appellate court's affirmance of the judgment, the defendant will submit himself to answer the judgment of the court, or, if the judgment be reversed, that the defendant will appear for trial."

121 Or at 206. That theory, on its face, could be subverted by any circumstances in which an appellant has demonstrated an unwillingness to abide by the judgment under appeal.

Although the passages on which we rely from *Broom* and *Parchen* are *dicta*,[2] the theme that emerges from those cases, as well as from *Smith* and *Sterner*, is that an appellant's failure voluntarily to surrender to custody or report to supervision as required by a judgment under appeal or a conditional release document, is a sufficient ground for this court to exercise its discretion to dismiss the appeal. Accordingly, we conclude that we have inherent discretionary authority to entertain the state's motion to dismiss defendant's appeal.

The question remains whether the circumstances here are sufficiently egregious for us to exercise that discretion. Defendant's argument that we should decline to do so is not specious. In ordinary civil cases, a judgment debtor who appeals from a money judgment and fails to post a supersedeas undertaking may decline voluntarily to satisfy the judgment, thereby putting the judgment creditor to the task of

---

[2] The court actually denied the state's motion to dismiss in *Broom*, and it dismissed the appeal in *Parchen* on another ground.

enforcing the judgment by pursuing supplementary remedies. In such cases, the defendant generally does not jeopardize his or her right to appeal by engaging in such tactics.

In some ways, defendant's conduct resembles that of an ordinary judgment debtor who resists enforcement of a money judgment pending appeal. But there are important differences. Although the sanction imposed by the trial court is remedial, defendant has deliberately and repeatedly flouted the trial court's contempt judgments by failing to surrender to authorities to serve his jail sentence. He has done so even though—or perhaps, because—the trial court's modification order actually was structured, in part, to protect defendant's health from the effects of a hunger strike. Defendant's steadfast refusal to adhere to the court's judgments also is especially problematic because the underlying debt is no mere commercial obligation but, rather, is an obligation to support his children. That obligation is of sufficient societal importance that, like a criminal judgment, it is enforceable by means of incarcerative sanctions.

Under the circumstances, defendant should not be permitted to flout the trial court's judgments and, at the same time, have the benefit of the appellate process. The fact that his conduct is open and passive, rather than stealthy and actively evasive, does not dictate a different result. We exercise our discretion to dismiss defendant's appeal.

Appeal dismissed.