On respondent's motion to dismiss appeal filed July 14, 2005, and appellant's
response to motion to dismiss appeal filed August 25, motion to dismiss appeal
denied May 3, 2006

## STATE OF OREGON,
*Respondent,*

*v.*

## KEVIN CLIFFORD FORD,
*Appellant.*

030851150; A128510

134 P3d 959

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Douglas F. Zier, Assistant Attorney General, for motion.

Mary Shannon Storey, Deputy Public Defender, *contra.*

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Schuman, Judge.

WOLLHEIM, P. J.

## WOLLHEIM, P. J.

The state moves to dismiss this criminal appeal on the ground that defendant absconded from the jurisdiction of the court and was a fugitive from justice. ORAP 8.05(3). The state's motion is supported by a warrant for defendant's arrest based on his failure to comply with two conditions of probation. The motion raises the issue of whether an allegation that a defendant failed to comply with a condition of probation that does not involve reporting to authorities, together with the issuance of and a defendant's failure to respond to an ensuing arrest warrant, constitutes sufficient grounds for dismissal. We conclude that the circumstances of this case do not justify dismissal and accordingly deny the state's motion.

Defendant was convicted of driving under the influence of intoxicants. ORS 813.010. Defendant's sentence included a $1,000 fine and $300 in fees, to be paid in installments of $25 per month, and two years of enhanced bench probation. The conditions of probation included the following: an alcohol or substance abuse evaluation and completion of recommended treatment programs, participation in the Multnomah County Adult Community Justice Enhanced Bench Probation Monitoring program, and notification within 24 hours of any change in defendant's residential address.

Defendant appealed. On May 16, 2005, while defendant's appeal was pending, the judicial assistant to the trial judge signed an affidavit in which she alleged that defendant had failed to comply with the alcohol and drug evaluation program and had failed to begin making payments on the fines and fees. On May 23, 2005, based on that affidavit, the trial court issued a warrant for defendant's arrest.

■ On July 14, 2005, the state moved to dismiss the appeal "because defendant-appellant has absconded from the jurisdiction of the court and is a fugitive from justice." That motion was supported by a copy of the warrant and the judicial assistant's affidavit. The state relies on ORAP 8.05(3), which provides, in part:

"If a defendant in a criminal case * * * on appeal of an adverse decision, *escapes or absconds* from custody or supervision, the respondent on appeal may move for dismissal of the appeal. If the appellant has not surrendered at the time the motion is decided by the court, the court may dismiss the appeal or judicial review."

(Emphasis added.)

Defendant's attorney filed a memorandum in opposition to the motion, arguing that an alleged probation violation does not constitute a showing that defendant has absconded from the supervision of the court. Defendant's attorney noted that the state's assertion that defendant had escaped or absconded from supervision was based on a mere allegation that defendant had failed to comply with his conditions of probation. Defendant's counsel also noted that the state had not shown that defendant had been served with the warrant or that the authorities were unable to locate defendant.

We issued a letter to the parties asking the state and defendant to address certain questions. We asked the state (1) whether defendant had failed to report at times and in a manner required by the judgment or by the entity responsible for defendant's supervision while on probation; or (2) whether defendant otherwise had failed to remain under the supervision and control of defendant's probation supervisor. We asked defendant (1) whether, now that defendant had notice through counsel of the existence of the warrant, defendant has surrendered himself or otherwise contacted the trial court to address the warrant; and (2) whether defendant denied the allegations in support of the warrant.

The state responded that defendant's bench probation did not require him to report to a probation officer and reiterated the state's reliance on defendant's failure to make payments of court fees and fines and to complete an alcohol and drug evaluation program. Defendant stated that he has not surrendered or otherwise addressed the outstanding warrant, but denied the allegations of the alleged probation violation. The trial court register establishes that (1) the bench warrant was served, (2) the trial court held that defendant violated his probation by failing to complete an alcohol and

drug evaluation, and (3) the trial court entered a judgment continuing defendant's probation. We issued another letter to the parties requesting an explanation of how the bench warrant was served. The response indicated that defendant had not surrendered; rather, defendant had been arrested on January 27, 2006.

As stated above, the state relies on ORAP 8.05(3) in support of its argument. The key words in that rule are "escape" and "abscond." The term "escape" is defined as "**1a :** to get away (as by flight or conscious effort) : break away, get free, or get clear ‹the prisoner *escaped* from prison› * * *." *Webster's Third New Int'l Dictionary* 774 (unabridged ed 2002) (emphasis in original). "Abscond" is defined as "**1 :** WITHDRAW, FLEE * * * **2 :** to depart secretly : withdraw and hide oneself * * * to evade the legal process of a court by hiding within or secretly leaving its jurisdiction * * *." *Id.* at 6.

■   To "escape [ ] or abscond [ ] from custody or supervision," then, a defendant must evade the legal process of a court by fleeing, hiding himself, or making some conscious effort to avoid custody or supervision. A showing that a defendant has failed to complete an alcohol and drug evaluation or failed to make payments on court-ordered fines and fees does not establish that the defendant has fled, is hiding himself, or is making a conscious effort to avoid custody or supervision.

The last sentence of ORAP 8.05(3) authorizes this court to exercise discretion and dismiss an appeal "[i]f the appellant has not surrendered at the time the motion is decided * * *." Here, defendant initially admitted that he had not contacted the trial court to address the warrant. Thereafter, defendant filed a supplemental memorandum advising that the trial court arraigned him on the probation violation, held a hearing, and ruled that defendant had violated his probation, and then entered an order removing defendant from probation violation status. The record now establishes that defendant was arrested. However, the circumstances under which defendant was brought to court do not control. Before this court may exercise its discretion to decide whether to dismiss this appeal, defendant must have first

escaped or absconded. Here, the state has failed to show that defendant escaped or absconded from custody or supervision.

The state, in addition to citing ORAP 8.05(3) in support of its motion, also cites two United States Supreme Court cases[1] and five Oregon cases[2] in which an appeal was dismissed or review was denied based on similar motions. The United States Supreme Court cases and *State ex rel Juv. Dept. v. Linder*, 142 Or App 527, 922 P2d 691 (1996), *State v. Lundahl*, 130 Or App 385, 882 P2d 644 (1994), and *State v. Sterner*, 124 Or App 439, 862 P2d 1321 (1993), *rev den*, 318 Or 583 (1994), all involved appellants who actually fled the jurisdiction and, therefore, are inapposite here. However, the other two Oregon cases warrant our discussion.

In *State v. Smith*, 312 Or 561, 822 P2d 1193 (1992), the state alleged that the defendant had failed to remain under the supervision and control of the probation department, that the defendant had failed to report monthly as required by the probation department, that the trial court had issued a warrant, and that the state considered the defendant to be a fugitive from justice. The defendant's attorney did not dispute those allegations. *Id.* at 563. Under those circumstances, the court dismissed the defendant's petition for review. *Id.* at 564.

*Smith* is distinguishable from the case at hand. It is important to note that the defendant in *Smith* had the benefit of the first appeal taken of right and that the Supreme Court, whose review is discretionary, merely declined further review of the case. At stake here is defendant's appeal as a matter of statutory right.

---

[1] *Ortega-Rodriguez v. United States*, 507 US 234, 242, 113 S Ct 1199, 122 L Ed 2d 581 (1993) (noting that the Court has "consistently and unequivocally approve[d]" dismissal as appropriate sanction when defendant absconds during appeal); *Estelle v. Dorrough*, 420 US 534, 95 S Ct 1173, 43 L Ed 2d 377 (1975) (upholding Texas statute requiring dismissal of appeal if defendant absconds during pendency of appeal and does not voluntarily return within 10 days).

[2] *State v. Smith*, 312 Or 561, 822 P2d 1193 (1992); *Pruett and Pruett*, 185 Or App 669, 60 P3d 1094, *rev den*, 335 Or 443 (2003); *State ex rel Juv. Dept. v. Linder*, 142 Or App 527, 922 P2d 691 (1996); *State v. Lundahl*, 130 Or App 385, 882 P2d 644 (1994); *State v. Sterner*, 124 Or App 439, 862 P2d 1321 (1993), *rev den*, 318 Or 583 (1994).

In addition, the court in *Smith* noted that the state "consider[ed]" the defendant to be a fugitive. *Id.* at 563. An allegation by an adverse party that a defendant is a "fugitive" is insufficient. Rather, the appellate court must be able to find, based on sufficient evidence, that it is more likely than not that the defendant is a fugitive from justice. In *Smith*, perhaps the court implicitly made such a finding based on the undisputed allegations that the defendant had failed to report periodically as required and had failed to remain under the probation department's supervision and control. By contrast, there is no similar factual basis in this case. Indeed, in its response to the court's letter, the state alleged that, on three previous occasions, the trial court had initiated a show cause proceeding, each of which was heard to completion. That suggests that, when the trial court has required defendant to appear in court and defendant has had notice of that requirement, defendant has done so. In addition, the trial court *continued* defendant's probation after holding that defendant violated the terms of his probation. Accordingly, *Smith* is distinguishable.

The state also cites *Pruett and Pruett*, 185 Or App 669, 60 P3d 1094, *rev den*, 335 Or 443 (2003), in support of its motion. In *Pruett*, the defendant, who was the father of the parties' children, was ordered to pay child support. The defendant had been the subject of four previous contempt proceedings for nonpayment of child support. On at least one occasion, while serving a jail sentence for contempt, the defendant went on a hunger strike. To prevent the defendant from engaging in a prolonged hunger strike while serving his sentence, the trial court ordered the defendant to serve his sentence in increments of time, which required him to report to jail to serve those increments. However, the defendant failed to comply with that order. *Id.* at 671. We dismissed the defendant's appeal because he was aware of the requirement in the judgment that he report to jail and had demonstrated his unwillingness to abide by the judgment pending the appeal. *Id.* at 677-78.

We stated in *Pruett* that

"an appellant's failure voluntarily to surrender to custody or report to supervision as required by a judgment under

appeal or a conditional release document, is a sufficient ground for this court to exercise its discretion to dismiss the appeal."

*Id.* at 677. In contrast, here, defendant was not required to report to any supervisory authority as part of his probation and there is no evidence that, before defendant's attorney was served with a copy of the state's motion to dismiss, defendant was aware that the trial court had issued a warrant for his arrest. The mere existence of an unserved warrant does not establish that a person has absconded.

In sum, because the state has not shown that defendant has escaped or absconded from custody or supervision, dismissal of defendant's appeal is not justified on these facts. Accordingly, we deny the state's motion to dismiss.

Motion to dismiss appeal denied.