Argued and submitted May 13, order of Court of Appeals reversed, and case
remanded to Court of Appeals for further proceedings July 3, 2008

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## JENNIFER LYNN ROBBINS,
*Petitioner on Review.*

(CC 050545301; CA A130659; SC S055396)

188 P3d 262

Kristin A. Carveth, Deputy Public Defender, Salem, argued the cause and filed the brief for petitioner on review. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Susan G. Howe, Senior Assistant Attorney General, Salem, argued the cause and filed the brief for respondent on review. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

BALMER, J.

**BALMER, J.**

In this case, the Court of Appeals dismissed an appeal from a criminal conviction because defendant, Jennifer Lynn Robbins, had missed a single appointment with her probation officer while her appeal was pending. We conclude that the Court of Appeals erred in its interpretation of the rule of appellate procedure upon which it relied in dismissing defendant's appeal, and we reverse the order of dismissal.

Defendant was charged with one count of possession of a controlled substance. Defendant moved to suppress certain evidence, but the trial court denied the motion. Defendant then was convicted in a stipulated facts trial. On November 15, 2005, the trial court entered a judgment of conviction and sentence, sentencing defendant to (among other things) 13 months' probation. Defendant appealed.

In August 2006, the trial court held a show cause hearing to determine whether defendant had violated the terms of her probation. The court concluded that she had, because she admitted that she had used drugs.[1] Because of the probation violation, the trial court extended her probation until August 2007 and (among other things) ordered "strict compliance" with the other conditions of probation. Defendant had an appointment to meet her probation officer on September 12, 2006. She missed the appointment. Four days later, on September 16, 2006, defendant was arrested for possession of methamphetamine.

On September 28, 2006, the trial court entered an order and judgment revoking defendant's probation. That judgment was based, in part, on defendant's stipulation that she had failed to report to her probation officer as required— specifically, that she had failed to appear for the September 12, 2006, appointment. The judgment also was based on defendant's stipulation that she had failed to complete required treatment and had failed to make required financial

---

[1] The state had alleged that defendant had violated her probation in other ways—in particular, by failing to report to her probation officer—but the trial court made no findings on those allegations.

payments. The trial court sentenced defendant to 90 days in jail. She served that sentence in 2006.

Over six months later, in May 2007, the state moved to dismiss defendant's pending appeal of her criminal conviction. The state relied on ORAP 8.05(3), which provides, in part:

"If a defendant in a criminal case * * *, on appeal of an adverse decision, escapes or absconds from custody or supervision, the respondent on appeal may move for dismissal of the appeal. If the appellant has not surrendered at the time the motion is decided by the court, the court may dismiss the appeal * * *."

The state's motion was based primarily on defendant's admission that she had failed to report to her probation officer on September 12, 2006, although the state noted other ways in which defendant allegedly had failed to comply with the terms of her probation. The state contended that defendant had "absconded" from the supervision of her probation officer.

Defendant opposed the motion to dismiss, arguing that the only plausible basis for dismissal was the missed appointment on September 12, 2006, and that the other allegations of probation violations were irrelevant to the state's claim that she had absconded from supervision. As to the appointment, she argued that "absconds" in ORAP 8.05(3) means a conscious effort to avoid custody or supervision and that missing a single appointment does not show such a conscious effort. Defendant's counsel submitted an affidavit stating that defendant had missed the appointment due to illness and that defendant had left messages to that effect with her probation officer.

The Court of Appeals granted the state's motion and entered an order of dismissal. It concluded that defendant had absconded "because she failed to meet with her probation officer as directed, and failed to keep her probation officer apprised of her whereabouts." Defendant petitioned the Court of Appeals to reconsider that order. Defendant renewed her contention that missing a single appointment did not show a conscious effort to avoid custody or supervision. She also argued that the Court of Appeals had erred in

concluding that she had failed to keep her probation officer apprised of her whereabouts and that, even if she had violated her probation in that way, that failure would not support the state's claim that she had absconded. Finally, defendant argued that, even if she had absconded within the meaning of the rule, she subsequently had "surrendered," thereby precluding dismissal of her appeal more than six months later.

The Court of Appeals granted the petition to reconsider and modified its prior order, but it reaffirmed the decision to dismiss. The court vacated that part of the prior order that relied on defendant's failure to keep her probation officer apprised of her whereabouts. However, the court concluded that the failure to meet with a probation officer, standing alone, constituted a conscious effort to avoid custody or supervision and therefore justified dismissal of the appeal. The court also held that defendant's arrest on unrelated charges four days after she had missed her appointment did not amount to a "surrender" under ORAP 8.05(3), and thus did not provide a basis for her to argue that she had surrendered before the court had decided the dismissal motion. Defendant filed the present petition for review, which we allowed.

On review, defendant renews her arguments that missing a single appointment with a probation officer does not justify dismissal of an appeal under ORAP 8.05(3) and that her arrest counts as having "surrendered" under the rule. More broadly, defendant argues that, if the rule does reach her conduct, then it exceeds both the inherent power of the appellate courts to control proceedings before them and their statutory authority to "make and enforce all rules necessary for the prompt and orderly dispatch of the business of the court." *See* ORS 2.120 (so providing regarding Supreme Court); ORS 2.560(2) (identical text used to describe rulemaking power of Court of Appeals).

The state contends that defendant did "abscond" when she failed to meet the conditions of her probation—particularly the requirement that she attend scheduled appointments with her parole officer—and that her arrest did not constitute a "surrender" under ORAP 8.05(3). The state also

argues generally that the rule's failure to define the terms "absconds" and "surrendered" reveals an intent to give the Court of Appeals "broad discretion" regarding the enforcement of the rule.

■ We begin with the text of the rule itself, part of which we quoted above. ORAP 8.05(3) provides:

> "If a defendant in a criminal case, a petitioner in a post-conviction relief proceeding, a plaintiff in a habeas corpus proceeding, a petitioner in a parole review proceeding, or a petitioner in a prison disciplinary case, on appeal of an adverse decision, escapes or absconds from custody or supervision, the respondent on appeal may move for dismissal of the appeal. If the appellant has not surrendered at the time the motion is decided by the court, the court may dismiss the appeal or judicial review. If the court has not been advised otherwise, the court may assume that the appellant has not surrendered when the court considers and decides the motion."

The issue is whether defendant "abscond[ed] from * * * supervision."[2] Neither the Oregon Rules of Appellate Procedure nor the Oregon statutes define the word "abscond," so we turn to other sources. The dictionary defines "abscond" as:

> "to depart secretly : withdraw and hide oneself * * *; *specif* : to evade the legal process of a court by hiding within or secretly leaving its jurisdiction."

*Webster's Third New Int'l Dictionary* 6 (unabridged ed 2002). *Black's Law Dictionary* (8th ed 2004) offers a similar definition: "To depart secretly or suddenly, esp. to avoid arrest, prosecution, or service of process." *Id.* at 7. The words used to define "abscond" all refer to some kind of conduct that a person engages in with a particular intent—"depart secretly," "withdraw * * * oneself," "hide oneself," "evade," "avoid." For a person to "abscond," then, it is not sufficient that the person simply engage in some course of action (or inaction); the person must do so with the conscious intent to hide from or otherwise evade legal process.

---

[2] The state does not contend that defendant "*escape[d]* * * * from custody or supervision."

That conclusion is consistent with the related word used in ORAP 8.05(3), "escape." That term means:

> "to get away (as by flight or conscious effort) : break away, get free, or get clear ‹the prisoner *escaped* from prison›."

*Webster's* at 774. *See also Black's Law Dictionary* 583 (defining "escape" as: "[t]he act or an instance of breaking free from confinement, restraint, or an obligation"). As with "abscond," the word "escape" (in this context) combines the act of movement from one place to another with the *intent* to "get away" or "break free." As an initial proposition, we conclude that "abscond" requires a showing of some kind of conscious intent to evade or avoid legal process.

That conclusion is consistent with the context in which earlier cases discussed the dismissal of a criminal defendant's appeal when the defendant has fled the jurisdiction. The Oregon Rules of Appellate Procedure have authorized appellate courts to dismiss the appeals of escaped or absconded appellants only since 1994. *See* Chief Justice Order No. 93-091 (dated Oct 20, 1993) (adopting amendments to Oregon Rules of Appellate Procedure—including a predecessor of the rule at issue here—effective January 1, 1994). This court, however, recognized the court's inherent authority to dismiss such appeals much earlier than that. In *City of Portland v. Parchen*, 113 Or 209, 231 P 980 (1925), the defendant had been arrested for violating a city ordinance. After the defendant had appealed to this court, the trial court entered an order requiring him either to appear in person or to perfect his appeal by securing a bond. But the defendant never appeared, did not secure a bond, and was "a fugitive from justice." *Id*. at 210. This court described the "substantial and just rule that courts will not hear an appeal while the appellant is fleeing from justice." *Id*. In that case, however, the court dismissed the appeal for a different reason, concluding that it lacked jurisdiction to consider an appeal from a conviction for violating a city ordinance. *Id*. at 210-11.

The court next considered the rule in *State v. Broom*, 121 Or 202, 253 P 1044 (1927). In that case, the defendant, following his conviction, had posted a bail bond pending appeal. He later failed to surrender himself to custody, because he was in jail in a different county for another

offense. Before completing that other jail sentence, defendant escaped. This court characterized the defendant as a "fugitive from justice," *id.* at 206, a term that it defined as meaning "[a] person who commits a crime within a state and withdraws himself from such jurisdiction, without waiting to abide the consequences of such act[.]" *Id.* at 205 (internal quotation marks omitted). The court then reviewed in detail cases from other jurisdictions regarding the discretion to dismiss the appeal of an escaped defendant. *Id.* at 206-08. The defendant's posting of a bail bond did not affect the applicability of that rule, the court held, because bail constituted constructive custody over the defendant. *Id.* at 208-09. This court stated:

> "[W]e are unqualifiedly committed to the doctrine announced by the highest authorities and the most eminent criminal law-writers of America, that, when it satisfactorily appears to the appellate court that a convicted criminal has fled from the jurisdiction of the court, it is within the power of that court to refuse to hear his appeal."

*Id.* at 210.[3]

Most recently, this court dismissed a petition for review in *State v. Smith*, 312 Or 561, 822 P2d 1193 (1992). In that case, the defendant was on probation. The defendant allegedly had "fail[ed] to remain under the supervision and control of the Probation Department" and "fail[ed] to truthfully report monthly at times and in a manner specified by the Probation Department." *Id.* at 563 (internal quotation marks omitted). The trial court had issued both an order to show cause why defendant's probation should not be revoked and a bench warrant, and the state considered him "a fugitive from justice." *Id.* Defendant's lawyer did not disagree with those facts. *Id.* After briefly reviewing *Broom* and *Parchen*, and emphasizing the references in those cases to the term "fugitive from justice," the court concluded:

> "No persuasive reason has been given why this court should proceed to decide the merits of this criminal case

---

[3] Nevertheless, this court did not exercise its discretion to dismiss in *Broom*; this court already had heard the case on the merits and concluded that the conviction should be affirmed. *Id.* at 210.

after defendant has failed to make himself available for probation supervision as required by the trial court on his conviction. Although defendant's absconding from probation does not deny this court the power to review his case, we, in our discretion, decline to call upon the resources of this court for a review of his case."

*Id.* at 564.

As the court noted in *Smith*, the failure to comply with the supervision requirements of probation may justify a determination that a defendant has absconded. But, as we discussed earlier, the definitions of "abscond" and "escape" both show that the purpose behind the defendant's actions are key—the defendant must *intend* to evade justice by flight, by hiding, by avoiding probation supervision, or by some combination of those actions. That conclusion is further confirmed by this court's earlier cases asserting discretion to dismiss an appeal when a defendant has become a "fugitive from justice," the term "fugitive from justice" being used in all three cases.

■       In the end, our review of the text of the rule and this court's case law confirm that the dictionary definition of "abscond" accurately reflects the requirements of ORAP 8.05(3). In determining whether a defendant has absconded from supervision, appellate courts must consider whether the defendant's acts show the intent that inheres in the definition of "abscond"—not simply that the defendant failed to attend one meeting with a probation officer or could not be located for a brief period of time, but that the defendant sought to "evade the legal process of a court by hiding within or secretly leaving its jurisdiction." *Webster's* at 6. Moreover, as our prior cases reflect, the "legal process" sought to be evaded may include compliance with the terms of one's sentence, including the defendant's conduct in "mak[ing] himself available for probation." *Smith*, 312 Or at 564.

Usually, of course, an appellate court has no direct way to discern a defendant's intent in taking particular actions. But a court may infer intent from the nature of the defendant's acts themselves. As this court has noted in connection with the intent requirements for crimes generally:

"Evidence of a defendant's intent is rarely, if ever, proven by direct evidence. Intent is an operation of the mind, and it is seldom susceptible of direct proof. This subjective fact is usually established by a consideration of objective facts, and from these objective facts an ultimate conclusion is drawn."

*State v. Rose*, 311 Or 274, 282, 810 P2d 839 (1991) (citation omitted). This court did exactly that in *Smith*, where it inferred the necessary evasive intent from the defendant's conduct in failing to report monthly to his probation officer, the trial court's issuance of a show cause order for revocation of probation, the trial court's issuance of a bench warrant and the state's assertion, undisputed by defense counsel, that defendant was a "fugitive from justice." 312 Or at 564.

Similarly, in many cases, an appellate court reasonably can infer from a defendant's actions that the defendant intended to evade probation supervision because the defendant hid or secretly left the jurisdiction or because a pattern of violations permits the inference that the defendant is intentionally evading the legal process. Here, however, the Court of Appeals dismissed defendant's appeal solely because defendant had missed a single appointment with her probation officer. The court could not infer the required intent from so little: A single missed appointment is not enough to conclude that defendant was hiding or that she sought to evade the court's jurisdiction. Neither, for that matter, does missing a single probation appointment, standing alone, make a defendant a "fugitive from justice."

The state nevertheless argues that, because ORAP 8.05(3) does not define such terms as "abscond" and "escape," the Court of Appeals has been granted "broad discretion in determining whether an appellant had become a fugitive." We disagree. It is true that this court and the Court of Appeals have discretion to decide whether to dismiss an appeal if the defendant *has* escaped or absconded, but that discretion does not extend to determining the meaning of the words of the rule. The absence of a specific definition for a term that appears in a rule does not mean that the term is an empty vessel, to be filled with whatever meaning a court chooses. This court has held that a court's task in interpreting an administrative rule is to ascertain the intent of the

body that promulgated the rule, beginning with an examination of the text and context of the rule. *Marshall's Towing v. Department of State Police*, 339 Or 54, 62, 116 P3d 873 (2005). Although the Oregon Rules of Appellate Procedure are not administrative rules subject to the rulemaking procedures of the Administrative Procedure Act, ORS 183.325 to 183.410, but rather are adopted by a joint order of the Chief Justice of the Supreme Court and the Chief Judge of the Court of Appeals pursuant to the statutory authority previously cited, we see no reason not to apply the same interpretive method here, and we have done so. We reject the state's argument that the Court of Appeals has "broad discretion" in its interpretation of ORAP 8.05(3). The meaning of the word "abscond" does not vary with the discretion of the court.

That said, we emphasize that our ruling today is limited to the interpretation and application of ORAP 8.05(3), because the state's motion to dismiss and the Court of Appeals orders at issue here rely only on that rule. We do not address the authority of an appellate court to dismiss an appeal as a sanction for misconduct. *See Pruett and Pruett*, 185 Or App 669, 678, 60 P3d 1094, *rev den*, 335 Or 443 (2003) (dismissing appeal because "defendant has deliberately and repeatedly flouted the trial court's contempt judgments by failing to surrender to authorities to serve his jail sentence"). Moreover, because we conclude that defendant did not "abscond" for purposes of ORAP 8.05(3), we need not consider her argument that her appeal should not be dismissed because she had "surrendered" within the meaning of that rule by the time the Court of Appeals decided the motion to dismiss or her claim that the rule, if interpreted to permit the dismissal of her appeal, exceeds the appellate courts' statutory authority to make rules regarding the appellate process.

The order of the Court of Appeals is reversed, and the case is remanded to the Court of Appeals for further proceedings.