Argued and submitted February 9, on respondent's motion to dismiss filed February 4, and appellant's response to motion to dismiss filed February 8, appeal dismissed May 11, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSEPH HOOPER,
*Defendant-Appellant.*

Marion County Circuit Court
14C40278; A157096

373 P3d 1272

Brett Allin, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Nora Coon, Certified Law Student, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Greg Rios, Assistant Attorney General.

Before Sercombe, Presiding Judge, and Tookey, Judge, and DeHoog, Judge.

## SERCOMBE, P. J.

The state moves to dismiss this appeal under the fugitive dismissal rule, ORAP 8.05(3), on the ground that defendant has absconded from supervision and is a fugitive from justice. Based on the following analysis, we grant the state's motion to dismiss.

Following a conditional plea, defendant was convicted of driving under the influence of intoxicants (DUII), ORS 813.010, and reckless driving, ORS 811.140. The May 13, 2014, DUII judgment ordered defendant to appear and provide proof of compliance with his conditions of probation on February 13, 2015. The judgment specifically commanded defendant to provide proof of completion of a particular alcohol treatment program by February 13, 2015. As allowed by the conditional plea, defendant appealed the DUII judgment of conviction, challenging the trial court's denial of his motion to suppress.

While the appeal was pending, on January 14, 2015, the state moved for a show cause hearing to determine if probation should be revoked. The state contended that defendant had failed to comply with conditions of his probation by failing to pay court-ordered financial obligations and perform court-ordered community services as directed. The trial court issued an order to show cause why defendant's probation should not be revoked on January 16, 2015. A failure to appear bench warrant issued on February 13, 2015. There is no evidence that defendant was served with the show cause order or the bench warrant.

ORAP 8.05(3) provides, in part:

"If a defendant in a criminal case * * *, on appeal of an adverse decision, escapes or absconds from custody or supervision, the respondent on appeal may move for dismissal of the appeal. If the court determines that the appellant is on escape or abscond status at the time the court decides the motion, the court may dismiss the appeal or judicial review. If the court has not been advised otherwise, the court may infer that the appellant remains on escape or abscond status when the court considers and decides the motion."

To "abscond" under ORAP 8.05(3), "it is not sufficient that a person simply engage in some course of action (or inaction); the person must do so with the conscious intent to hide from or otherwise evade legal process." *State v. Robbins*, 345 Or 28, 33, 188 P3d 262 (2008); *see also State v. Lazarides*, 358 Or 728, 735, 369 P3d 1174 (2016) (adhering to *Robbins*). The *Robbins* court further explained:

> "[T]he failure to comply with the supervision requirements of probation may justify a determination that a defendant has absconded. But as we discussed earlier, the definitions of 'abscond' and 'escape' both show that the purpose behind the defendant's actions are key—the defendant must *intend* to evade justice by flight, by hiding, by avoiding probation supervision, or by some combination of those actions."

345 Or at 36 (emphasis in original).

Furthermore,

> "[i]n determining whether a defendant has absconded from supervision, appellate courts must consider whether the defendant's acts show the intent that inheres in the definition of 'abscond'—not simply that the defendant failed to attend one meeting with a probation officer or could not be located for a brief period of time, but that the defendant sought to 'evade the legal process of a court by hiding within or secretly leaving its jurisdiction.' [*Webster's Third New Int'l Dictionary* 6 (unabridged ed 2002).] Moreover, as our prior cases reflect, the 'legal process' sought to be evaded may include compliance with the terms of one's sentence, including the defendant's conduct in 'mak[ing] himself available for probation.' [*State v.*] *Smith*, 312 Or [561, 564, 822 P2d 1193 (1992)]."

*Id.* (second brackets in *Robbins*).

In *Robbins*, the court concluded that a single missed appointment with a probation officer was insufficient to show that the "defendant was hiding or that she sought to evade the court's jurisdiction." *Id.* at 37. In *State v. Ford*, 205 Or App 506, 134 P3d 959 (2006), we determined that a failure to comply with probation conditions to complete an alcohol and drug evaluation and to make payments on court-ordered fines and fees was insufficient, by itself, to show that the defendant had absconded. In *Ford*, the "state

had not shown that [the] defendant had been served with the [arrest] warrant or that the authorities were unable to locate [the] defendant." *Id.* at 509.

In this case, defendant failed to appear at the February 13, 2015, probation compliance hearing, as ordered by the DUII judgment of conviction, thereby provoking the issuance of the arrest warrant that same date. Defendant also failed to provide proof of compliance with the alcohol treatment program by February 13, 2015, as ordered by that judgment. Defendant failed to perform the community services and to pay the financial obligations as ordered by that judgment. Further, he does not contend (nor is there any evidence) that he has returned to custody. *See Lazarides*, 358 Or at 730 (court may not dismiss appeal due to the defendant's abscond status after the defendant has returned to custody).

The May 13, 2014, DUII judgment of conviction recites that defendant was present with his attorney when the judgment was signed. We infer from that recitation that defendant had notice of the contents of that judgment. Thus, defendant's failure to appear at the February 13, 2015, probation compliance hearing, his failure to provide proof of compliance with the ordered alcohol treatment program by February 13, 2015, and his failure to comply with other conditions of probation since the entry of the judgment, demonstrates a course of inactions that show a "conscious intent to hide from or otherwise evade [the] legal process" of the judgment under ORAP 8.05(3). *Robbins*, 345 Or at 33. As authorized by the fugitive dismissal rule, we infer that the conscious absconding that occurred on February 13, 2015, has continued up to the time of this opinion.

Appeal dismissed.