NOT DESIGNATED FOR PUBLICATION

No. 118,411

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AARON JUSTIN WALKER II,
*Appellant*.

MEMORANDUM OPINION

Appeal from Montgomery District Court; F. WILLIAM CULLINS, judge. Opinion filed November 16, 2018. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., BUSER and SCHROEDER, JJ.

PER CURIAM:  Aaron J. Walker II appeals the district court's revocation of his probation. He alleges the State failed to prove, by a preponderance of the evidence, that he absconded as the basis to revoke his probation. There was sufficient evidence submitted to the district court to revoke Walker's probation because he admitted to violating probation. We affirm.

Walker pled no contest to possession of hydrocodone and possession of marijuana with a prior conviction, each severity level five drug felonies. The district court sentenced

Walker concurrently on each count and placed Walker on supervised probation with community services.

In 2016, the State alleged Walker committed several probation violations: committing a new crime, using marijuana, missing group and individual treatment sessions, not maintaining employment, and not paying his court costs or fees. The State also alleged Walker did not report to his intensive supervision officer (ISO) in June 2016 but did so in July 2016. Walker admitted he was in Texas without his ISO's permission. As of August 2016, Walker's ISO considered him an absconder from supervision. Walker was arrested about a year later.

At his probation violation hearing, the following colloquy occurred between the district court and Walker:

"THE COURT: All right. Mr. Walker, you're entitled to a hearing on the allegations that you violated the terms and conditions of your probation. At that hearing, the State of Kansas would be able to prove—would have to prove each and every one of the allegations. They would call witnesses and they would present evidence. You would have the opportunity to cross-examine their witnesses and look at their evidence and call your own witnesses and present your own evidence. But if you admit, none of that occurs and we immediately go to disposition. Is that what you desire to do?

"THE DEFENDANT: Yes, sir.

"THE COURT: All right.

"MR. RICKMAN: Speak a little louder so she can hear you.

"THE COURT: Yes. So you're waiving your right to a hearing on these allegations, correct?

"THE DEFENDANT: Yes, sir.

THE COURT: You're admitting that you failed to refrain from violating the law; is that correct?

"THE DEFENDANT: Yes, sir.

"THE COURT: You're admitting that you failed to avoid injurious and vicious habits; is that correct?

"THE DEFENDANT: Yes, sir.

"THE COURT: You're admitting that you failed to report to your ISO as directed; is that correct?

"THE DEFENDANT: Yes, sir.

"THE COURT: You're admitting that you failed to work suitably at employment; is that correct?

"THE DEFENDANT: Yes, sir.

"THE COURT: And you're admitting that you failed to remain in the area specified by your ISO; is that correct?

"THE DEFENDANT: Yes, sir.

"THE COURT: You're admitting you didn't complete Senate Bill 123 treatment; is that correct?

"THE DEFENDANT: Yes, sir.

"THE COURT: And you didn't pay off your court costs, fines, and fees; is that correct?

"THE DEFENDANT: Yes, sir.

"THE COURT: And you didn't reimburse the State of Kansas for the Senate Bill 123 $300 reimbursement; is that correct?

"THE DEFENDANT: Yes, sir.

"THE COURT: All right. Based on your admissions, the Court will find that you violated the terms and conditions of your probation and we'll revoke the same."

The district court proceeded to disposition and Walker requested a 180-day jail sanction. The State responded requesting a sanction at least that long. After prompting by the district court, Walker's ISO stated: "I was going to say, he didn't only abscond from us, he's absconded from parole, too, for his probation violation that he was sent to prison on here." The district court remanded Walker to the department of corrections to serve the remainder of his sentence in prison and completed the hearing with the following:

"Yes. But what that tells me is probation is kind of futile because he's gone on to the penitentiary before. So, Mr. Walker, here's the deal. You ran, you absconded. Just like

3

I said, that's pretty much telling the Court, 'I'm not concerned with rehabilitating myself. I'll only become concerned with rehabilitating myself when I'm standing before the judge, cuffed, and then I'll go, Let [*sic*] me get treatment. Let me try again.' I believe that there should be consequences for your actions and the consequence for the action of absconding is to serve the entire balance of your sentence."

In its journal entry, the district court marked a box revealing it revoked his probation either because he absconded or because he committed a new crime.

When a probation violation is established, the decision to revoke probation is within the sound discretion of the district court. A judicial action is an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. Walker bears the burden to show an abuse of discretion in revoking probation. Whether the district court properly imposed a sentence after revoking Walker's probation is a question of law over which an appellate court exercises unlimited review. Similarly, where resolution of this issue requires statutory interpretation, appellate review is unlimited. See *State v. McFeeters*, 52 Kan. App. 2d 45, 47-48, 362 P.3d 603 (2015).

Historically, district courts had broad authority to sanction an offender who violated his or her terms of probation. *State v. Dooley*, 308 Kan. 641, 647, 423 P.3d 469 (2018). The Legislature limited that authority in K.S.A. 2017 Supp. 22-3716. Now, the district court must impose an intermediate sanction when an offender on probation or community corrections violates the terms of his or her probation or assignment. Intermediate sanctions include 2 or 3 consecutive days in county jail, not to exceed 18 days of confinement. K.S.A. 2017 Supp. 22-3716(c)(1)(B). If the district court already imposed that sanction, it may remand the offender to the secretary of corrections for up to 120 days. K.S.A. 2017 Supp. 22-3716(c)(1)(C). If it has already imposed either of those sanctions, the district court may then remand the offender to the secretary of corrections for up to 180 days. K.S.A. 2017 Supp. 22-3716(c)(1)(D). Nonetheless, the district court

4

may bypass the intermediate sanctions and revoke an offender's probation or community corrections assignment when an offender absconds while on supervision—K.S.A. 2017 Supp. 22-3716(c)(8)(B)—or the defendant has committed a new crime while on probation—K.S.A. 2017 Supp. 22-3716(c)(8)(A).

The Kansas Supreme Court has recently revised the standards used to determine whether an offender "absconds from supervision" under K.S.A. 2017 Supp. 22-3716(c). *Dooley*, 308 Kan. at 656-58. Dooley tested positive for drug use and did not report to community corrections for about a month because he was scared. The district court revoked his probation. The Kansas Supreme Court adopted new standards from *State v. Robbins*, 345 Or. 28, 31, 188 P.3d 262 (2008), and explained absconding under K.S.A. 2017 Supp. 22-3716(c) required more than an offender engaging in a course of action or inaction—it requires a conscious intent to hide or evade the legal process. *Dooley*, 308 Kan. at 656-58. The State now has the burden to show the offender engaged in action or inaction with a conscious intent to hide from or evade legal process—this may include evidence the offender intentionally avoided supervision or detection by his or her probation officer. Next, the district court must consider whether the offender's acts show intent of hiding within or secretly leaving the jurisdiction to evade legal process. An offender's failure to meet with a probation officer or being unable to be located for a brief time is not enough. 308 Kan. at 657.

There were no facts before the district court to conclude Walker absconded from supervision because no evidence suggested he was hiding within or secretly leaving the jurisdiction to evade legal process. No one testified about Walker's whereabouts during his nearly year-long nonreporting period. The affidavits filed with the district court show Walker did not notify his ISO he was leaving Kansas until he was already in Texas in July 2016. However, the affidavits are silent about whether Walker left Kansas to evade legal process. In court, statements not under oath from Walker's ISO were conclusory: "I was going to say, he didn't only abscond from us, he's absconded from parole, too, for his

probation violation that he was sent to prison on here." There is no evidence about when or how Walker returned to Kansas—did he return to Kansas the day after he stopped contacting his ISO or was Walker arrested by Texas law enforcement nearly a year later? The record shows Walker was in custody in Montgomery County just before the probation violation proceedings, but it is unclear if Walker was hiding within the jurisdiction or turned himself in. We recognize the district court could not do this analysis because Walker's probation violation hearing occurred before the Kansas Supreme Court issued *Dooley*, 308 Kan. at 657. With this lack of evidence, there is nothing in the record to support the district court's finding Walker absconded.

However, the State also claims the district court revoked Walker's probation because he committed a new misdemeanor. The State admits the district court did not orally announce he was sending him to prison for committing a new crime. But the record clearly reflects the district court revoked his probation for committing a new crime. The district court checked a box on the journal entry showing it revoked his probation because Walker committed a new crime. The district court also revoked for the additional reasons set out in box 3 of the revocation journal entry.

The State correctly notes the district court has authority to revoke an offender's probation or assignment to community corrections when the offender "commits a new felony or misdemeanor" while on probation or assignment to community corrections. K.S.A. 2017 Supp. 22-3716(c)(8)(A). Even so, in criminal proceedings "[s]entencing . . . takes place when the [district] court pronounces the sentence from the bench." *State v. Jackson*, 291 Kan. 34, 35, 238 P.3d 246 (2010). Here, in the first colloquy with Walker, the district court ordered his probation revoked and then moved to disposition. Although the district court failed to mention the new crime finding at the end of the hearing, we find it was sufficiently mentioned. We acknowledge the better practice would be to clearly state all the reasons on the record why a defendant is being sent to prison. But the journal entry correctly reflects the district court sent him to prison for the additional

6

probation violation of committing a new crime. The first reference by the district court to revoking his probation was sufficient, and if error, it was harmless since Walker admitted on the record he had committed a new crime. See *State v. Kennon*, No. 102,936, 2010 WL 3662890 (Kan. App. 2010) (unpublished opinion).

Affirmed.