Argued and submitted July 12, appeal dismissed October 16, 2019, petition for review denied February 20, 2020 (366 Or 205)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RIAN PAUL BEEBE,
*Defendant-Appellant.*

Lane County Circuit Court
211200546; A166908

452 P3d 1063

The state moves to dismiss this criminal appeal, under ORAP 8.05(3), because defendant has absconded from supervision. Defense counsel does not dispute that defendant is on abscond status; rather, defense counsel asserts that dismissing the appeal would violate defendant's statutory right to an appeal and his constitutional right to due process under the Fourteenth Amendment to the United States Constitution. *Held*: The authority to dismiss the appeal of an absconding defendant under ORAP 8.05(3) derives from the inherent authority of the court and does not violate a defendant's statutory right to appeal. The rule also does not violate federal due process. Because defendant is on abscond status, the appeal is dismissed.

Appeal dismissed.

Mustafa T. Kasubhai, Judge.

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Lauren P. Robertson, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Powers, Judge, and Landau, Senior Judge.

ORTEGA, P. J.

Appeal dismissed.

**ORTEGA, P. J.**

The state moves to dismiss this criminal appeal, under ORAP 8.05(3), because defendant has absconded from supervision. Defense counsel does not dispute that defendant is, in fact, currently on abscond status; rather, defense counsel asserts that we should deny the state's motion because dismissing the appeal would violate defendant's statutory right to an appeal and his constitutional right to due process under the Fourteenth Amendment to the United States Constitution. As explained below, we reject those arguments. Accordingly, we dismiss defendant's appeal.

Defendant was convicted of driving under the influence of intoxicants and reckless driving and placed on probation. Defendant appealed the judgment of conviction. While this appeal was pending, the state filed a motion to show cause why defendant's probation should not be revoked for failure to comply with two conditions of probation. The trial court signed a show cause order and issued a warrant for defendant's arrest. Defendant was arrested and arraigned and signed a release agreement promising to appear for the probation revocation hearing. Defendant failed to appear for the hearing, and the trial court revoked the release agreement and issued a bench warrant for his arrest. The warrant remains outstanding. Relying on ORAP 8.05(3), the state moved to dismiss this appeal based on defendant's abscond status.

ORAP 8.05(3) provides:

"If a defendant in a criminal case, * * * on appeal of an adverse decision, escapes or absconds from custody or supervision, the respondent on appeal may move for dismissal of the appeal. If the court determines that the appellant is on escape or abscond status at the time the court decides the motion, the court may dismiss the appeal or judicial review. If the court has not been advised otherwise, the court may infer that the appellant remains on escape or abscond status when the court considers and decides the motion."

A defendant is on "abscond status" when "that defendant is both engaging in evasive conduct and exhibiting an intent to evade or avoid legal process." *State v. Lazarides*, 358 Or 728, 735-36, 369 P3d 1174 (2016). Here, defendant

is on abscond status, because defendant has not complied with conditions of his probation, did not appear as ordered for his probation revocation hearing, and currently has an outstanding bench warrant for his arrest as a result. Defendant's failure to comply with probation and appear as ordered were conscious efforts to avoid legal process. *See State v. Hooper*, 278 Or App 246, 249, 373 P3d 1272 (2016) (dismissing appeal when the defendant failed to appear for a probation compliance hearing, resulting in a warrant for his arrest, failed to comply with conditions of probation, and did not contend that he had returned to custody).

Defendant has not contested that he is on abscond status. He argues, however, that we cannot dismiss his appeal, despite his abscond status, because doing so would violate his statutory right to an appeal and constitutional right to due process. We first address defendant's statutory arguments.

Defendant argues that no statute authorizes the dismissal of his appeal based on his absconding from supervision and, because he does have a statutory right to appeal under ORS 138.020, ORAP 8.05(3) conflicts with that statutory right and is invalid. In addition, defendant argues that, under ORS 138.257(1), we may only "affirm, reverse, vacate or modify" a judgment, which does not include an authorization to dismiss an appeal. Finally, defendant argues that, because other statutes do authorize dismissal of appeals for other reasons, that context makes clear that we are not authorized to dismiss appeals based on abscond status.

We reject those arguments. ORAP 8.05(3) derives from, and is a codification of, "an equitable doctrine that dates back to the late-nineteenth century," under which "appellate courts possess inherent authority to dismiss a defendant's appeal if that defendant has absconded from the court's jurisdiction." *State v. Moss*, 352 Or 46, 50-51, 279 P3d 200 (2012). The current version of our rule is based on the long-standing rationale that judgments are unenforceable "against a fleeing defendant." *Id.* at 51; *see also Lazarides*, 358 Or at 736 (the 2015 version of ORAP 8.05(3) is based on the "narrow policy of dismissing a criminal appeal of a defendant who has absconded or escaped because the state

is not in a position to enforce a judgment"). Because the rule derives from our inherent authority, it is not required to be expressly authorized by statute. Although the legislature may provide for, and limit, a statutory right of appeal, the appellate courts retain the inherent authority to determine how to adjudicate and dispose of those appeals. *See, e.g.*, *Circuit Court v. AFSCME*, 295 Or 542, 550, 669 P2d 314 (1983) ("[T]he legislature may enact laws prescribing the exercise of judicial powers * * * so long as it does not unduly burden or substantially interfere with the judiciary." (Internal quotation marks omitted.)). Defendant has not raised a statutory argument that defeats that inherent authority.[1] Moreover, as pointed out by the state, the Supreme Court has the statutory authority, under ORS 2.120, to "make and enforce all rules necessary for the prompt and orderly dispatch of the business of the court, and the remanding of causes to the court below," of which ORAP 8.05(3) is one.

We turn to defendant's due process argument. Defendant concedes that due process does not prohibit the dismissal of an appeal of an absconding defendant. Rather, defendant argues that, under federal due process law, the court cannot "decide[] the appeal in a way that [i]s arbitrary with respect to the issues involved." (Quoting *Evitts v. Lucey*, 469 US 387, 400-01, 105 S Ct 830, 83 L Ed 2d 821 (1985) (alterations by defendant).). Defendant argues that ORAP 8.05(3) impermissibly allows for the arbitrary deprivation of his statutory right to appeal because it provides no guidance as to the court's exercise of discretion under that rule.

We also reject defendant's due process argument. The case relied upon by defendant, *Lucey*, and the quote taken out of context from that case, does not support his argument. In *Lucey*, the Court addressed whether the due process right to appellate counsel in a first criminal appeal as of right included the right to effective assistance of

---

[1] Defendant also argues that the state "has moved to dismiss only under ORAP 8.05(3) and has not invoked this court's 'inherent' authority to dismiss the appeal" of a fleeing defendant and requests additional opportunity to respond should we invoke that authority. In so stating, defendant misunderstands the nature of ORAP 8.05(3), which is based on our inherent authority to dismiss the appeal of an absconding defendant. The state was not required to separately invoke that inherent authority in its motion to dismiss.

appellate counsel. 469 US at 388-89. In concluding that it did include that right, the Court reiterated that, "'Due Process' emphasizes fairness between the State and the individual dealing with the State, regardless of how other individuals in the same situation may be treated." *Id.* at 405 (internal quotation marks omitted). Thus, when a state establishes an appeal as of right, the state offends due process when it "refuse[s] to offer each defendant a fair opportunity to obtain an adjudication on the merits of his appeal." *Id.*

In contrast to the principles discussed in *Lucey*, ORAP 8.05(3) does not deprive defendant of a fair opportunity to obtain an adjudication on the merits of the appeal because, as pointed out by the state, a defendant is in control of whether he absconds or not and whether to remain on abscond status after the state files a motion to dismiss under ORAP 8.05(3). The absence of factors outlined within the rule itself does not make any exercise of discretion under ORAP 8.05(3) arbitrary or a due process violation.

Appeal dismissed.